UNITED STATES v. CONRAD.

(District Court, E. D. Pennsylvania. October 15, 1907.)

No. 15.

Post Office—Prosecution for Using Mails to Defraud—Sufficiency of Evidence.

The evidence, on the trial of a prosecution for using the mails for carrying out a scheme to defraud, while conflicting, *held* sufficient to sustain a verdict of guilty and such as not to justify the court in awarding a new trial.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Post Office, § 86.

Nonmailable matter, see note to Timmons v. United States, 30 C. C. A. 79.]

On Motion for a New Trial.

J. Whitaker Thompson and John C. Swartley, for the United States. Fred J. Shoyer, for defendant.

J. B. McPHERSON, District Judge. I have carefully considered the reasons and the argument offered by the defendant's counsel in support of the motion for a new trial, but without being convinced that any wrong was done to the defendant, either by the rulings of the court, or by the verdict of the jury. The case turned wholly upon a question of fact: Did the defendant intend to defraud at the time he devised the scheme under consideration, and carried it out by the use of the mails? And upon this question there was conflicting evidence, sufficient to convict as well as sufficient to acquit. Of its weight the jury was the sole judge, and I should not be justified in granting a new trial upon the ground that the jury was mistaken, unless a verdict of guilty should in no event be allowed to stand. This extreme view of the evidence, however, was not urged, and I do not understand it to be taken, by the defendant's counsel.

The court's rulings upon the admissibility of certain evidence have also been reviewed, but I still believe them to be correct. Some of the evidence, which I thought to be inadmissible, if the strict rules of law were applied, did nevertheless get before the jury—indeed, the defendant (who elected to try his own case) was given the widest latitude, and was permitted to introduce much that would have been excluded if a member of the bar had been conducting the defense—and I cannot see any legal, or any other, ground upon which the course of the trial can be successfully attacked. Moreover, I do not think that the defendant suffered any disadvantage because he had no attorney. He is a man of marked intelligence, with an unusual gift of clear speech, and he put before the court and jury, both in the examination of the witnesses and in his final argument, a well-defined defense, which I am sure no one who heard the trial could have failed to understand; and, because of the exceptional consideration with which he was treated by the government, he was able to support this theory by a good deal of evidence that must have been excluded if objection had been taken by the prosecuting officer.

On the whole case, it seems to me that to grant a new trial would be to yield to a sentiment, rather than to exercise judicial discretion. The motion is therefore refused.